TRAILBLAZER PIPELINE COMPANY ET AL., APPELLEES, V. M. BERRI BALKA, STATE TAX COMMISSIONER, AND NEBRASKA DEPARTMENT OF REVENUE, APPELLANTS.

518 N.W.2d 646

Filed July 1, 1994.   No. S-92-317.

Don Stenberg, Attorney General, and L. Jay Bartel for appellants.

William R. Johnson, of Kennedy, Holland, DeLacy & Svoboda, for appellees.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, FAHRNBRUCH, LANPHIER, and WRIGHT, JJ.

BOSLAUGH, J.

The plaintiffs, Trailblazer Pipeline Company, Natural Gas Pipeline Company of America, and Mid-America Pipeline Company, applied for a refund of their 1987 personal property taxes from the defendant Tax Commissioner M. Berri Balka. The plaintiffs' request for refund was denied by the defendant Tax Commissioner. The Department of Revenue is also a defendant. The plaintiffs appealed the defendant Tax Commissioner's order to the district court, which reversed the order. The defendants appealed to the Nebraska Court of Appeals the district court's order requiring the Department of Revenue to refund to the plaintiffs all taxes paid upon their personal property in 1987. The Court of Appeals affirmed the district court's order, see *Trailblazer Pipeline Co. v. Balka*, 93 NCA No. 49, case No. A-92-317 (not designated for permanent publication), and this court granted the defendants' petition for further review.

The plaintiffs are natural gas pipeline companies. Their personal property is centrally assessed for tax purposes.

The equalization rate for all centrally assessed taxpayers, including car companies, railroads, and pipeline companies, was set by the State Board of Equalization and Assessment on August 10, 1987. The plaintiffs timely paid their 1987 property taxes at such rate in November 1987 and June 1988 to each of the counties in which they operated.

On October 30, 1989, the plaintiffs made written demand upon the defendant Tax Commissioner for a refund of their 1987 personal property taxes. The plaintiffs' demand was based upon the invalidity of the imposed personal property tax, within the meaning of Neb. Rev. Stat. § 77-1776 (Reissue 1986).

A hearing was held before the defendant Tax Commissioner, who denied the plaintiffs' claim for a refund. The plaintiffs appealed the defendant Tax Commissioner's ruling pursuant to Neb. Rev. Stat. § 84-917 (Cum. Supp. 1992) of the Administrative Procedure Act.

The district court found that despite the repeal of § 77-1776 in 1989, the general saving statute, Neb. Rev. Stat. § 49-301 (Reissue 1988), preserved the plaintiffs' right to recover a refund on an invalid tax and that the 1987 personal property taxes imposed upon the plaintiffs were invalid. The district court held that the plaintiffs were entitled to a full refund of their 1987 personal property taxes.

The defendants appealed the district court's order to the Court of Appeals, which affirmed the district court's judgment in the opinion which was not designated for permanent publication.

In their petition for further review, the defendants assign as error the Court of Appeals' failure to follow this court's decisions in *MAPCO Ammonia Pipeline v. State Bd. of Equal.*, 242 Neb. 263, 494 N.W.2d 535 (1993), *cert. denied* ____ U.S. ____, 113 S. Ct. 2930, 124 L. Ed. 2d 681, and *AMISUB v. Board of Cty. Comrs. of Douglas Cty.*, 244 Neb. 657, 508 N.W.2d 827 (1993).

The plaintiffs brought their claims for refund under § 77-1776, contending the personal property taxes they paid in 1987 were invalid because they were in violation of the uniformity requirements of article VIII, § 1, of the Nebraska Constitution and the Equal Protection Clause of the 14th Amendment to the U.S. Constitution.

In the *AMISUB* case, the plaintiff brought an action to recover real and personal property taxes paid for the year 1989. The petition asserted that the taxes assessed, levied, and paid by the plaintiff for 1989 were unconstitutional because the taxes violated Nebraska's uniformity clause and the Equal Protection Clause of the 14th Amendment to the U.S. Constitution. This court stated and held:

> AMISUB's theory of recovery seems to be that because the exemptions granted to certain taxpayers were unconstitutional, AMISUB is to be placed in the same position as those taxpayers which escaped taxation by receiving a full refund of the taxes paid. That is not the rule to come out of any of the recent tax cases beginning with *Northern Natural Gas Co. v. State Bd. of Equal.*, 232 Neb. 806, 443 N.W.2d 249 (1989), *cert. denied* 493 U.S.

1078, 110 S. Ct. 1130, 107 L. Ed. 2d 1036 (1990), and culminating in *MAPCO Ammonia Pipeline v. State Bd. of Equal.*, 242 Neb. 263, 494 N.W.2d 535 (1993). At most, AMISUB would be entitled to a refund of the difference between the taxes levied against the property of AMISUB and the taxes which AMISUB would have been required to pay if all of the property treated as exempt had been placed on the tax rolls and taxed. See *id.* Contrary to the facts developed in *MAPCO Ammonia Pipeline* as to the ratio between property which was treated as exempt plus the value of property of the railroads and the value of all tangible property in Nebraska, the record here contains no evidence upon which such a determination could be made. Therefore, AMISUB has failed to meet its burden of establishing these facts, and its petition was properly dismissed.

*AMISUB*, 244 Neb. at 664, 508 N.W.2d at 832.

The theory of recovery of the plaintiffs' taxes in the present case is the same as the plaintiff's in *AMISUB*. Also, as the plaintiff in *AMISUB*, the plaintiffs in this case have failed to establish facts showing the amount of refund to which they are entitled.

The Court of Appeals erred in affirming the district court's order allowing the plaintiffs a full refund of their personal property taxes for 1987. Since the plaintiffs failed to establish facts showing the amount of refund to which they are entitled, the plaintiffs' action should have been dismissed.

Because of our disposition of this assignment of error, it is unnecessary to discuss the other assigned errors in the defendants' petition for further review.

The judgment of the Court of Appeals is reversed.

REVERSED.